

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| BENNIE RAY JOHNSON, PRO SE, § | | |
| also known as § | | |
| BENNIE JOHNSON, § | | |
| TDCJ-CID No. 819383, § | | |
| Previous TDCJ-CID No. 799113, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:09-CV-0088 | |
| § | | |
| Officer NFN INGLE, § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff BENNIE RAY JOHNSON, acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted leave to proceed *in forma pauperis*.

Plaintiff alleges that, on or about October 25, 2008, defendant INGLE knowingly prepared and presented false statements against plaintiff in an official proceeding in order to deprive plaintiff of property, that is, his radio. In his Step 2 grievance, attached to his complaint, plaintiff states his radio was confiscated because he was "voluntarily discharged to a blue level in the PAMIO[1] Program and, thus, could not posess [sic] a radio." Plaintiff states defendant

---

[1] PAMIO is an acronym for the Program for the Aggressive Mentally Ill Offender.

INGLE stated the radio was confiscated because it had been altered.

Plaintiff requests nominal damages and punitive damages of $5,000.00.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

Plaintiff claims defendant INGLE "deprived plaintiff of plaintiff's liberty interest in not having false statements, reports, and evidence presented plaintiff in official proceedings by those

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

acting under color of state law." Plaintiff does not state what the proceedings were, whether they were a disciplinary hearing or something else. If the proceedings were a disciplinary hearing, there is no longer a freestanding section 1983 claim for malicious prosecution in this Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). To bring a section 1983 claim based simply on the filing of a false disciplinary charge, absent an allegation of retaliatory interference with the exercise of a constitutional right, a prisoner must show favorable termination prior to bringing suit. *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir. 1995).

Accepting that plaintiff is correction in his assumption defendant INGLE knew the true reason for the confiscation of plaintiff's radio, the facts presented by plaintiff will support, at most, a claim that defendant INGLE engaged in the unauthorized confiscation of plaintiff's radio.

Section 1983 will not support a cause of action if a person's property is taken by random and unauthorized conduct of a state actor and the state provides an adequate post-deprivation remedy. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995). A prisoner's due process rights are not violated by the confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994).

For the reasons set forth above, plaintiff's claims against defendant INGLE lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104

L.Ed.2d 338 (1989).

## CONCLUSION

Pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff BENNIE RAY JOHNSON is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this 13th day of April, 2009.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE

4